UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROY T. CRAMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-CV-00755 SPM |
| | ) |
| SECURUS J-PAY, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Roy Cramer's application to proceed in the district court without prepaying fees and costs. [ECF No. 3]. While incarcerated, plaintiff has brought three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's application to proceed in the district court without prepayment of fees and costs and dismiss plaintiff's complaint without prejudice.

**The Complaint**

Plaintiff is currently incarcerated at the Potosi Correctional Center (PCC) in Mineral Point, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming as defendants Securus J-Pay, PCC and Ms. Unknown Sansegraw (PCC Property Room Supervisor). [ECF No. 1]. Plaintiff brings this action against defendants in their individual and official capacities.

Plaintiff alleges that a friend outside PCC attempted to assist him by placing $8.00 in his inmate account at the beginning of February 2024. Plaintiff was going to use the money for postage, writing materials and cosmetics. However, when plaintiff checked his inmate account, which is administered by Securus J-Pay, on February 2, 2024, he found that "the $8.00 wasn't there anymore." Rather, the money had been placed into a "phone details list" by Securus so that

plaintiff could only access the money from a Kiosk within the institution. Plaintiff claims he could not even access the money to make outside phone calls. He states that he was also unable to access the money for use at the prison commissary. Moreover, plaintiff asserts that his "state tip of $7.50" was placed in the same account on February 10, 2024.

Plaintiff alleges that he spoke to the Property Room Supervisor, defendant Sansegraw, but she would not allow him to speak to the Securus representative to have the money placed back into the correct prison account. Additionally, he attempted to file a grievance, however, his Caseworker, Ms. Getingjer, refused to provide him an Institutional Resolution Request (IRR) form, because she said it was not an institutional matter. Plaintiff states that he wrote to Deputy Warden Jody Glore about the issue, but Deputy Warden Glore told him to write a kite to Property Room Supervisor Sansegraw. Plaintiff also wrote a letter to the Director of Adult Institutions but did not hear back about the issue. Last, plaintiff claims he messaged a Securus representative through his tablet. However, the Securus representative told him that once funds were placed into a "media account" the funds could not be moved back into another account. Plaintiff disputes the assertion that his funds were in a "media account." He insists the funds were placed in a "phone details list."

Plaintiff seeks actual damages in this action in an amount of $15.50, as well as punitive damages in excess of $18,000.

**Discussion**

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). However, "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). For purposes of this section, a dismissal for failure to state a claim also constitutes a strike, whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020).

A review of this Court's files, as well as Pacer.gov, shows that plaintiff has previously brought at least three civil actions that were dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Cranmer v. Kemna, et al.,* No. 05:05-CV-06060 FJG (W.D.Mo. July 25, 2005); *Cranmer v. Crossroads Correction Center Staff, et al.,* 5:10-CV-06098 FJG (W.D.Mo. Dec. 16, 2010); *Cranmer v. Lewis, et al.,* 5:98-CV-06055 FG (W.D.Mo. June 8, 1998). Therefore, the Court cannot permit plaintiff to proceed in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

After reviewing the instant complaint, the Court finds that plaintiff does not allege that he is in imminent danger of serious physical injury. Rather, plaintiff's allegations in the instant action involve the inability to utilize the use of funds in his prison account through the prison commissary. Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in §1915(g) is applicable to him. Therefore, the Court will deny plaintiff's application to proceed in the district

court without prepaying fees and costs and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs [ECF No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

---

[1] Even if plaintiff was able to proceed in forma pauperis, his complaint would be subject to dismissal for failure to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B). First, "[s]ection 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). Absent waiver, the Eleventh Amendment protects the State and its arms or instrumentalities from suit in federal court. *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). Thus, Potosi Correctional Center—as an arm of the State of Missouri—is entitled to immunity from suit under the Eleventh Amendment. *See Howlett v. Rose,* 496 U.S. 356, 365 (1990) ("[*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)], establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."). Moreover, the crux of plaintiff's suit is that defendants interfered with his right to possess his personal property, namely money in his prison account. There is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of property where the State provides an adequate post-deprivation remedy. *See, e.g., Clark v. Kansas City Missouri Sch. Dist.,* 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the post-deprivation remedy of replevin for recovery of personal property. *Id*. Last, plaintiff cannot sustain a claim against defendant Sansegraw or Caseworker Getingjer for failing to let him utilize the prison grievance system. "[T]here is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). *See also Jenner v. Nikolas*, 828 F.3d 713, 716-17 (8th Cir. 2016) (explaining that "[t]he existence of a state-mandated procedural requirement does not, in and of itself, create a constitutionally protected liberty interest"). To that end, a prison grievance procedure is a procedural right only and does not confer upon an inmate a substantive right. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). *See also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim"); and *Fallon v. Coulson*, 5 F.3d 531, 1993 WL 349355, at *1 (8th Cir. 1993) (unpublished opinion) (stating that the failure of defendants "to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights").

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 21st day of August, 2024.

                                      HENRY EDWARD AUTREY
                                UNITED STATES DISTRICT JUDGE